**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRANDON LEE WOLCOTT, | No. 10-16439 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-02527-GEB-GGH |
| v. | |
| KATHLEEN ALLISON, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted February 14, 2012
San Francisco, California

Before: GRABER, BERZON, and TALLMAN, Circuit Judges.

Petitioner-Appellant Brandon Lee Wolcott appeals the district court's denial

of his habeas petition challenging his California conviction for rape. He argues

that: (1) the state trial court's exclusion of expert testimony interpreting the

victim's blood alcohol level violated his right to present a complete defense, as

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

well as his right to cross-examination; and (2) the trial court's refusal to permit cross-examination of the victim about her refusal to speak with defense counsel before trial violated his right to cross-examination. He also raises several uncertified claims. We affirm.

1.      Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Wolcott must demonstrate that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The state courts' refusal to admit expert testimony interpreting the victim's blood alcohol level was neither contrary to nor an unreasonable application of Supreme Court precedent. There is no Supreme Court precedent governing the permissibility of a trial court's discretionary decision to exclude expert testimony under an otherwise valid evidentiary rule, at least where the testimony is not central to the defense and the underlying evidence can be readily interpreted by a lay jury. *See Moses v. Payne*, 555 F.3d 742, 758-60 (9th Cir. 2009). Therefore, such a decision cannot be contrary to or an unreasonable application of clearly established law. *See id.*

Furthermore, on the merits, exclusion of the expert testimony did not impair Wolcott's ability to present a defense. The jury was presented with extensive evidence from which it could draw conclusions about the amount of alcohol the victim consumed, its likely effects on her behavior at the time of the rape and on her memory thereafter, and the veracity of her testimony regarding her alcohol consumption. In particular, the parties stipulated that the victim's blood alcohol level, measured after she reported the rape, was .11 and that Wolcott's was .00. A lay jury could easily have understood these measurements as evidence that the victim and Wolcott did not, in fact, drink the same amount the night of the rape; that the victim drank all–or nearly all–of a pint of rum; and that she might have been impaired because of her alcohol consumption. It was thus not unreasonable for the state courts to determine that Wolcott's proffered expert testimony did not constitute "important defense evidence" and that, therefore, its exclusion was constitutional. *See Holmes v. South Carolina*, 547 U.S. 319, 324-25 (2006).

2.     Because Wolcott failed to exhaust his claim that the exclusion of the blood alcohol expert testimony violated the Confrontation Clause, we decline to address it. *See Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam). We note, however, that the Supreme Court has never held that the right to cross-examination includes the right to impeach a witness through the testimony of a different

-3-

witness. Therefore, it would not be contrary to or an unreasonable interpretation of Supreme Court precedent to exclude such testimony.

3.      Wolcott argues that the trial court's refusal to permit the defense to cross-examine the victim about her refusal to speak with defense counsel before trial violated his right to cross-examination. We disagree.

Wolcott failed to provide the federal legal basis for his claim to the California Court of Appeal, and he failed to raise the claim at all before the California Supreme Court. Therefore, it is not properly exhausted. *See id.*

Alternatively, on the merits, Wolcott does not identify any bias, let alone a "prototypical form of bias," that a rape survivor's refusal to speak to defense counsel might demonstrate; nor would such refusal likely impact the jury's "impression of [the victim's] credibility." *See Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986). As the district court pointed out, it is, in fact, unsurprising that a rape survivor would choose not to speak to those representing her attacker. Therefore, the exclusion of evidence that she refused to do so is neither contrary to nor an unreasonable interpretation of clearly established Supreme Court precedent.

4.      To obtain a certificate of appealability, a habeas petitioner must make "'a substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (quoting 28 U.S.C. § 2253(c)(2)). Wolcott raises four

uncertified claims, none of which satisfies this requirement. We therefore decline to certify them.

AFFIRMED.